UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11795-RGS

SACHCHIDANAND JHA

v.

SECRETARY, U.S. DEPARTMENT OF STATE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

April 22, 2011

STEARNS, D.J.

This case is a negligence action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The plaintiff, Sachchidanand Jha, is a citizen of India who was legally living and working in Massachusetts in 2008. On April 22, 2008, the U.S. Citizenship and Immigration Service approved O1 visa status for Jha, which he was required to activate by September 1, 2008. To activate his status, Jha had to appear personally at a U.S. Embassy or Consulate. Compl. ¶ 4. He decided to go to the U.S. Consulate in Montreal, Canada. *Id*. ¶ 5.

On June 12, 2008, Jha created a profile on NVARS, the website for visa appointments in Canada.[1] *Id*. Jha visited the NVARS website appointment calendar

---

[1] In 2008, NVARS was maintained by Nucomm International, an independent contractor. Johnson Decl. ¶ 2.

many times in June of 2008, but each time he found that no appointments were available. Compl. ¶ 7. On July 9, 2008, Jha's visa sponsor wrote to NVARS requesting an appointment for Jha on any day from August 25, 2008, to August 27, 2008. *Id*. ¶ 9. Neither Jha nor his sponsor received a response from NVARS, but a few days later, on the NVARS website appointment calendar, the message "appointments reserved" appeared for August 27, 2008. Jha understood this message to mean that he had been granted an appointment for August 27, 2008. *Id*. ¶ 10. On July 21, 2008, Jha wrote to NVARS, stating that he thought that he had an appointment for August 27, 2008, but the computer system would not allow him to pay the NVARS fee. In response, Jha received an unsigned message directing him to the website for the U.S. Consulate in Montreal. He visited the website, but did not find an answer to his question. *Id*. ¶ 11.

On August 27, 2008, Jha traveled to the U.S. Consulate in Montreal. *Id*. ¶ 12. At the Consulate, Jha was informed that he did not have an appointment, and his requests for an emergency appointment were denied. *Id*. ¶¶ 13-14. Consequently, Jha had to travel to India to activate his O1 visa. *Id*. ¶ 15. Because he missed the start of the fall term, he lost his teaching position at the University of Massachusetts-Boston and the related health insurance. *Id*. ¶ 16. In June of 2010, Jha filed an administrative tort claim for $15,872, reflecting travel costs, visa fees, and compensation for the six-

month loss of employment and health insurance. *Id*. ¶ 18. The claim was denied on June 28, 2010. *Id*. ¶ 19.

On October 15, 2010, Jha timely filed this action, claiming that the government[2] acted negligently in "provid[ing] misleading information about the [visa] interview," which he relied on to his detriment. *Id*. ¶ 18. On March 31, 2011, the government filed a motion to dismiss for lack of subject matter jurisdiction. The motion to dismiss will be allowed.

The court agrees with the government's argument that Jha's claim is fairly read as one for negligent misrepresentation, which is not actionable under the FTCA. In his Complaint, Jha alleges that the U.S. Consulate in Montreal was "negligent" and "had no authority to provide misleading information about the interview." *Id*. He claims that he "had to incur substantial expense, bear physical strain, and suffer emotional distress as a result of the misleading message from the U.S. Consulate, Montreal about [his] visa appointment." *Id*. *See Block v. Neal*, 460 U.S. 289, 296 (1983) ("[T]he essence of an action for misrepresentation, whether negligent or intentional, is the

---

[2] The government correctly notes that the only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(b)(1); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006); *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000). Jha could amend his Complaint to substitute the United States as the defendant (in place of the Secretary of State); however, the point is moot because Jha's Complaint fails on substantive grounds.

3

communication of misinformation on which the recipient relies.").

"Because the FTCA is a waiver of sovereign immunity, it is strictly construed." *Cascone v. United States*, 370 F.3d 95 (1st Cir. 2004), citing *Skwira v. United States*, 344 F.3d 64, 73-74 (1st Cir. 2003). Claims based on misrepresentation, including negligent misrepresentation, are excluded from the FTCA's limited waiver of sovereign immunity. *See* 28 U.S.C. 2680(h); *United States v. Neustadt*, 366 U.S. 696, 701-702 (1961); *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (1st Cir. 2003). Jha's claim for negligent misrepresentation is thus not actionable under the FTCA.

## ORDER

Defendant's Motion to Dismiss is <u>ALLOWED</u> pursuant to Fed. R. Civ. P. 12(b)(1). The Clerk will enter an order of dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE